IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Earl Worthington | ) | Case No: 13 C 3733 |
| | ) | |
| v. | ) | |
| | ) | Judge Amy J. St. Eve |
| City of Chicago | ) | |
| | ) | |
| | ) | |

## ORDER

The Court grants Defendant's motion to dismiss [13] with prejudice and dismisses this lawsuit in its entirety. All pending dates and deadlines are stricken.

## STATEMENT

On May 20, 2013, pro se Plaintiff Earl S. Worthington filed the present Complaint against Defendant City of Chicago alleging that Defendant violated his Fourteenth Amendment right to procedural due process. *See* 42 U.S.C. § 1983. Before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Defendant's motion to dismiss with prejudice and dismisses this lawsuit in its entirety.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "In evaluating the sufficiency of the complaint, [courts] view it in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *AnchorBank, FSB v. Hofer,* 649 F.3d 610, 614 (7th Cir. 2011). In ruling on a Rule 12(b)(6) motion, district courts may also consider documents attached to the pleadings without converting the motion into a motion summary judgment, as long as the documents are referred to in the complaint and central to the claims. *See Geinosky v. City of*

*Chicago,* 675 F.3d 743, 745 n.1 (7th Cir. 2012); *Wigod v. Wells Fargo Bank, N.A.,* 673 F.3d 547, 556 (7th Cir. 2012); Fed.R.Civ.P. 10(c).

## BACKGROUND

Construing pro se Plaintiff's allegations liberally, *see Ray v. Clements,* 700 F.3d 993, 1002-03 (7th Cir. 2012), and reviewing documents Plaintiff attached to his Complaint, Plaintiff alleges that Defendant "seized Plaintiff's Toyota 4 Runner vehicle while Plaintiff was waiting for his administrative hearing before a City of Chicago Administrative Judge" concerning two vehicle violations — for expired plates and parking on a sidewalk — dated February 13 and 22, 2013. (R. 1, Compl. ¶ 6, Ex. A.) Plaintiff admits that his vehicle registration was dated 2007, but maintains that he was not parked on a sidewalk, but in his private driveway. (*Id.* ¶ 10.) In any event, Plaintiff contested his February 2013 violations on March 13, 2013. (*Id.*, Ex. A.) Further, Plaintiff alleges that after he contested these violations, the clerk's office told him that he would receive notice of his administrative hearing within four to six weeks of his March 13, 2013 request. (*Id.* ¶ 10.) Meanwhile, on April 24, 2013, an agent of the City of Chicago issued Plaintiff another violation for parking on a sidewalk. (Ex. B, 4/24/13 vehicle tow report.) As such, Plaintiff contends that Defendant then towed his car on April 26, 2013. (Compl. ¶ 10, Ex. B.) Plaintiff alleges that Defendant did not have the legal right tow his vehicle on April 24, 2013 without providing him with an administrative hearing to contest the April 2013 violation. (*Id.* ¶ 10.)[1]

## ANALYSIS

To establish a procedural due process claim, a plaintiff must first show that he was deprived a protected interest in liberty or property. *See Hannemann v. Southern Door County Sch. Dist.,* 673 F.3d 746, 752 (7th Cir. 2012); *see also Booker-El v. Superintendent, Ind. State Prison,* 668 F.3d 896, 900 (7th Cir. 2012) ("In any due process case alleging a deprivation of property, 'the threshold question is whether a protected property interest actually exists.'") (citation omitted). If Plaintiff establishes that he has a protected interest, the Court must then determine what process was due. *See Hannemann*, 673 F.3d at 752. Because Defendant does not dispute that Plaintiff's car is a protected property interest, the Court turns to what process Plaintiff was due under the circumstances.

"Generally, due process requires some kind of hearing before the State deprives a person of liberty or property," although, "in some circumstances [] a postdeprivation hearing or a common-law-tort remedy satisfies due process." *Tucker v. Williams*, 682 F.3d 654, 660 (7th Cir. 2012) (citations omitted). Indeed, "in instances in which a municipality tows an illegally parked car, the Due Process Clause does not demand that the municipality provide a predeprivation hearing to the owners of the illegally-parked cars." *Holstein v. City of Chicago,* 29 F.3d 1145, 1148 (7th Cir. 1994). "When a predeprivation hearing is not required, due process

---

[1] Because Plaintiff's employment discrimination claim in case number 02 C 8994 was completely resolved pursuant to a settlement agreement on September 13, 2004, the Court struck Plaintiff's allegations of employment discrimination from the present lawsuit on May 22, 2013.

only requires that the government provide meaningful procedures to remedy erroneous deprivations." *Tucker,* 682 F.3d at 661; *see also Holstein*, 29 F.3d at 1148. As the Seventh Circuit teaches, "[i]n *Parratt v. Taylor,* 451 U.S. 527, 541, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the Supreme Court held that due process is not violated when a state employee negligently deprives an individual of property, provided that the state makes available a meaningful postdeprivation remedy." *Gable v. City of Chicago*, 296 F.3d 531, 539 (7th Cir. 2002).

Therefore, under the circumstances, after the City towed Plaintiff's car on April 26, 2013 based on the alleged parking violation, Plaintiff could have sought an administrative hearing like he did for the February 2013 parking and expired registration violations. Also, Illinois law would have provided Plaintiff with an adequate postdeprivation remedy via an action of bailment or replevin. *See id.* at 540; *Holstein,* 29 F.3d at 1148. Instead of seeking these remedies, Plaintiff brought the present due process lawsuit in federal court seeking $1.2 million in damages. (R. 18, Resp., at 1.) It is well-established, however, that the federal entitlement is to process and not money. *See Simmons v. Gillespie,* 712 F.3d 1041, 1044 (7th Cir. 2013). Accordingly, viewing Plaintiff's pro se allegations in his favor, he has failed to state a due process violation under the circumstances, and thus the Court grants Defendant's motion to dismiss with prejudice.

Date: August 15, 2013

_____
AMY J. STUEVE
United States District Court Judge